1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7      KEVIN B. WILLIAMS,                    Case No. 25-cv-09527-HSG

8                   Plaintiff,               **ORDER REGARDING EX PARTE**
                                             **APPLICATION FOR TEMPORARY**
9            v.                              **RESTRAINING ORDER**

10     TRANSWORLD SYSTEMS INC.,              Re: Dkt. No. 1

11                  Defendant.

12

13           Pending before the Court is pro se Plaintiff Kevin B. Williams's application for a

14    temporary restraining order ("TRO").  *See* Dkt. No. 1.  Plaintiff alleges that Defendant Transworld

15    is unlawfully attempting to collect on disputed charges from Plaintiff's medical procedure at

16    UCSF and is threatening to furnish allegedly inaccurate credit data.  *See* Dkt. No. 2 ("Compl.")

17    ¶¶ 1–2.  Plaintiff seeks a TRO preventing Defendant from (1) collecting or attempting to collect on

18    Plaintiff's UCSF account; (2) furnishing or continuing to furnish information about Plaintiff's

19    UCSF account; and (3) selling or assigning Plaintiff's account.  *See* TRO at 6.

20           A TRO is an "extraordinary remedy" that the court should award only upon a clear

21    showing that the party is entitled to such relief.  *See Winter v. Natural Res. Def. Council, Inc.*, 555

22    U.S. 7, 22 (2008).  Under Federal Rule of Civil Procedure 65, a TRO may enjoin conduct pending

23    a hearing on a preliminary injunction.  *See* Fed. R. Civ. P. 65(b).  However, Rule 65(b)(1) only

24    allows a court to issue a TRO without notice to the adverse party if "(A) specific facts in an

25    affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

26    damage will result to the movant before the adverse party can be heard in opposition; and (B) the

27    movant's attorney certifies in writing any efforts made to give notice and the reasons why it

28    should not be required."  Fed. R. Civ. P. 65(b)(1)(A)–(B).

Having reviewed Plaintiff's application, the Court finds that Plaintiff has not met the strict requirements of Rule 65. Plaintiff has not shown that immediate and irreparable harm will result before Defendant can be heard, particularly since Plaintiff has not alleged any specific facts about why he believes Defendant will imminently collect on Plaintiff's accounts or furnish "derogatory credit information," or when it would do so. *See generally* Compl.; TRO at 4–5. There is also nothing in the record indicating (1) that Plaintiff attempted to give Defendant notice of the pending application; and (2) why notice should not be required in this instance.[1]

Plaintiff is therefore **DIRECTED** to serve the complaint, the application for a TRO, and this order on Defendant by no later than 5:00 p.m. on Thursday, November 13, 2025. Plaintiff must also file by Friday, November 14, 2025 a declaration and any supporting proof explaining the steps he took to serve Defendant. Should Defendant oppose the relief sought by Plaintiff, Defendant must file a response no later than 5:00 p.m. on Thursday, November 20, 2025. The motion will stand submitted at that time unless otherwise ordered.

Plaintiff is encouraged to seek assistance at the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself. Appointments may be scheduled either over the phone at (415) 782-8982 or by email at fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated:    11/6/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court notes that because Plaintiff is pro se, it is not clear whether the requirements of Rule 65(b)(1)(B), which impose a duty on "the movant's attorney," are applicable here. Nevertheless, the Court finds that Defendant should receive notice and an opportunity to be heard given the circumstances of this case.