UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC., et al.,<br><br>    Defendants. | Case No. 25-cv-09527-HSG<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 1 |

Pending before the Court is pro se Plaintiff Kevin B. Williams's motion for a temporary restraining order ("TRO"). *See* Dkt. No. 1 ("Mot."). The Court **DENIES** the request.

## I. BACKGROUND

On November 5, 2025, Plaintiff filed a complaint alleging that Defendant Transworld is unlawfully attempting to collect on disputed charges from Plaintiff's medical procedure at UCSF and is threatening to furnish allegedly inaccurate credit data. *See* Dkt. No. 2 ("Compl.") ¶¶ 1–2. Plaintiff brings claims for financial elder abuse and violation of the Federal Debt Collection Practices Act, the Rosenthal Act, California's Unfair Competition Law, and the Consumer Credit Reporting Agencies Act. *Id.* ¶¶ 20–39. Plaintiff also appears to assert some or all of these claims against the Regents of the University of California. Dkt. No. 7.[1]

Plaintiff seeks a TRO preventing Defendant Transworld from (1) collecting or attempting

---

[1] Plaintiff filed Dkt. No. 7 after filing his TRO motion with the title "First Amended Complaint." Despite this title, it does not include any factual allegations or causes of action. *See generally* Dkt. No. 7. Instead, it seeks to add the Regents of the University of California to the original complaint, Dkt. No. 2, apparently intending to supplement that pleading. But "an amended complaint supersedes the original complaint and renders it without legal effect." *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). While Plaintiff will need to amend his complaint to contain all allegations in a single, operative pleading, the outcome of this motion does not change depending on which filing the Court considers.

1  to collect on Plaintiff's UCSF account; (2) furnishing or continuing to furnish information about
2  Plaintiff's UCSF account; and (3) selling or assigning Plaintiff's account. *See* Mot. at 6. The
3  Court ordered Plaintiff to serve Defendant Transworld by November 13, 2025, and ordered
4  Defendant Transworld to respond by November 20, 2025. Dkt. No. 6 at 2. Plaintiff emailed
5  Defendant Transworld and detailed his attempts at service, as ordered. Dkt. No. 8 (notice and
6  declaration regarding service). Defendant did not respond.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking preliminary relief must normally establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" and "a balance of hardships that tips sharply towards the [movant], . . . so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III. DISCUSSION

Plaintiff argues that he is likely to suffer irreparable harm because "[d]erogatory credit furnishing threatens credit, housing, and essential access," and "coercive collection injures a senior on SSDI—harms not compensable by money." Mot. at 4. While his original motion did not contain further factual support about when Defendant Transworld would begin furnishing

1   Plaintiff's credit data, Plaintiff claims in his notice of service that Transworld would begin
2   reporting on November 16, 2025. Dkt. No. 8 at 2. In the same notice, Plaintiff further argues that
3   "medical debt reporting distorts creditworthiness and creates non-economic harms (credit denials,
4   higher borrowing costs, reputational injury) that money cannot adequately remedy." *Id.*

5   These allegations are not enough for Plaintiff to show that he is likely to suffer irreparable
6   harm absent the extraordinary remedy of a TRO. "[E]conomic injury alone does not support a
7   finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-*
8   *Center, Inc. v. Canyon Television and Appliance Rental, Inc.* 944 F.2d 597, 603 (9th Cir. 1991).
9   While the Court acknowledges the financial impact that negative credit reporting can have,
10  "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in
11  the absence of a stay, are not enough," and "[t]he possibility that adequate compensatory or other
12  corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily
13  against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quotation
14  omitted).

15  For these reasons, courts presented with similar TRO applications have typically found that
16  the plaintiff has not shown irreparable harm and noted that "harms to [a plaintiff's] credit score
17  and finances more broadly are fundamentally economic harms, unsuitable for a temporary
18  restraining order." *See Silva v. Volkswagen Grp. of Am., Inc.*, No. CV 24-06367-MWF (EX),
19  2025 WL 819076, at *2 (C.D. Cal. Jan. 9, 2025); *Brinker v. JP Morgan Chase, N.A.*, No. 13-CV-
20  01344-LHK, 2013 WL 7798675, at *3 n.1 (N.D. Cal. May 17, 2013) (noting that "reporting
21  erroneous and derogatory credit information" was "not likely to cause Plaintiff to suffer
22  irreparable harm"); *Perry v. Exeter Fin. LLC*, No. CV-25-01552-PHX-DWL, 2025 WL 1839457,
23  at *1 (D. Ariz. June 30, 2025) (holding that denial of financial opportunities, costs incurred due to
24  a lack of financing, and "conclusory and unsubstantiated" allegations of reputational damage did
25  not show likely irreparable harm).

26  Plaintiff argues that "loss of goodwill, reputation, and control" are "irreparable harms not
27  readily compensable with money." Dkt. No. 8 at 3 (citing *Herb Reed Enters., LLC v. Fla. Entm't*
28  *Mgmt.*, 736 F.3d 1239, 1250 (9th Cir. 2013)). While "damage to goodwill could constitute

3

1  irreparable harm," *Herb Reed*, 736 F.3d at 1250, Plaintiff has only made conclusory assertions that
2  his reputation will be impacted by Transworld's potential actions.  Plaintiff thus fails to establish a
3  likelihood of irreparable harm so as to warrant the extraordinary remedy of a temporary restraining
4  order, and the Court need not reach any of the other factors.  *See Oakland Trib., Inc. v. Chron.*
5  *Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) ("Because [Plaintiff] has not made that minimum
6  showing [that there exists a significant threat of irreparable injury,] we need not decide whether
7  [his claim] is likely to succeed on the merits.").

## IV.   CONCLUSION

The Court **DENIES** Plaintiff's TRO application, Dkt. No. 1.  The Court also **ORDERS** Plaintiff to file an amended complaint within 21 days that properly describes the factual allegations and causes of action against both Defendants in a single complaint.[2]

The Court further advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order.  The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants.  More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself.  Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated:   11/26/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] While it appears that Plaintiff has given Defendants notice of the TRO application consistent with this Court's order, Dkt. No. 6, he must still serve Defendants pursuant to Federal Rule of Civil Procedure 4.  Failure to do so within 90 days after the complaint is filed may result in dismissal.  Fed. R. Civ. P. 4(m).  A plaintiff may serve a corporation by delivering a copy of the summons and complaint to an agent "authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  Alternatively, service may be made "by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  *See* Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A) ; Cal. Civ. Code § 416.10.