UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC., et al.,<br><br>Defendants. | Case No. 25-cv-09527-HSG<br><br>**ORDER DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. Nos. 3, 11 |

Pending before the Court is pro se Plaintiff Kevin B. Williams's renewed motion for a temporary restraining order, Dkt. No. 11.[1]  The Court finds this matter appropriate for disposition without oral argument and the motion is deemed submitted.  *See* Civil L.R. 7-1(b).  The Court **DENIES** the motion for a temporary restraining order.

In addition, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis*.

## I.  RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

### a.  Background

On December 16, 2025, Plaintiff filed a complaint against Defendants Transworld and the Regents of the University of California d/b/a UCSF Medical Center and UCSF Health for "unlawful medical billing, refusal to validate disputed charges, coercive debt-collection practices, and denial of medically necessary care."  Dkt. No. 10 ("Compl.") at 1.  The allegations stem from a series of ophthalmology services provided to Plaintiff by UCSF in mid-2025.  *Id.* at 4–5.

Plaintiff seeks a TRO preventing Defendants from "(1) collecting, assigning, selling,

---

[1] While Plaintiff's motion is styled as a renewed motion for a temporary restraining order, it is listed on the docket as a motion for preliminary injunction.  The Court treats this as a motion for a temporary restraining order given the substance of the motion, but it would deny the motion either way.

1  transferring, or otherwise attempting to collect on the disputed medical debt[;] (2) furnishing,

2  reporting, or disseminating any information concerning the disputed debt to any consumer

3  reporting agency; and (3) denying or conditioning Plaintiff's access to medically necessary care on

4  payment of or compliance with the disputed charges." *See* Dkt. No. 11 at 2.

5        Plaintiff previously filed a similar TRO, Dkt. No. 1, which the Court denied, Dkt. No. 9.

6  In its denial, the Court explained that Plaintiff had not established that he was likely to suffer

7  irreparable harm, since "harms to [a plaintiff's] credit score and finances more broadly are

8  fundamentally economic harms, unsuitable for a temporary restraining order." *Id.* at 3 (quoting

9  *Silva v. Volkswagen Grp. of Am., Inc.*, No. CV 24-06367-MWF (EX), 2025 WL 819076, at *2

10 (C.D. Cal. Jan. 9, 2025)).

11     **b. Legal Standard**

12       Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin

13 conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard

14 for issuing a temporary restraining order and issuing a preliminary injunction are substantially

15 identical. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.

16 2001). A plaintiff seeking preliminary relief must normally establish: (1) that it is likely to

17 succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary

18 relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public

19 interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an

20 extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

21 to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of

22 the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the

23 Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious

24 questions going to the merits" and "a balance of hardships that tips sharply towards the

25 [movant], . . . so long as the [movant] also shows that there is a likelihood of irreparable injury and

26 that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

27 1135 (9th Cir. 2011).

28

**c. Discussion**

As before, Plaintiff has not established that he is likely to suffer irreparable harm. First, Plaintiff reiterates his previous argument that he faces "imminent threat of irreversible reputational and credit harm." Dkt. No. 11-1 ("Mot.") at 2, 6. But Plaintiff does not engage with the Court's prior order, which explained that credit harms are routinely considered to be economic injury that does not constitute irreparable harm, and held that "Plaintiff has only made conclusory assertions that his reputation will be impacted by Transworld's potential actions." Dkt. No. 9 at 4. That remains true here.

Similarly, Plaintiff argues that federal agencies have concluded that "medical-debt collection causes unique and severe harm to vulnerable populations," and the alleged practices can cause "catastrophic economic and medical consequences." Mot. at 6. The Court does not dispute that debt collection can be harmful or that it can have unique impacts in particular cases, and the Court recognizes the stakes here. But, as the Court has already explained, TROs are an extraordinary form of relief, and "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough," and "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quotation omitted). Plaintiff has not adequately shown what unique features or consequences warrant this extraordinary remedy in lieu of future corrective relief if he succeeds on the substance of his claims.

To the extent that a plaintiff faces a likelihood of serious medical consequences, that might satisfy the irreparable harm inquiry, but Plaintiff has not adequately shown that here. Plaintiff argues that "denial of medically necessary care constitutes irreparable harm as a matter of law." Mot. at 5. Plaintiff asserts that "UCSF refused to provide Plaintiff with further ophthalmologic care," Compl. at 6, but he provides no details about what medically necessary coverage UCSF denied. In addition, Plaintiff states that UCSF is only denying coverage until he pays "the disputed charges or submit[s] the personal documentation demanded by TSI." Mot. at 4; Compl. at 5 (stating that documentation includes "tax returns, proof of citizenship, marital status

documentation, and records of medical expenses incurred outside USCF"). If Plaintiff can still get the medical coverage at issue here by filling out this paperwork, it's not clear why he faces a likelihood of irreparable medical harm.

Finally, Plaintiff argues that "deprivation of statutory rights constitutes irreparable harm." Mot. at 5. The case Plaintiff cites only says that the loss of First Amendment freedoms constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Deprivation of some statutory rights may constitute irreparable harm, but Plaintiff has not shown that this is the case here.

Plaintiff thus fails to establish a likelihood of irreparable harm so as to warrant the extraordinary remedy of a temporary restraining order, and the Court need not reach any of the other factors. *See Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) ("Because [Plaintiff] has not made that minimum showing [that there exists a significant threat of irreparable injury,] we need not decide whether [its claim] is likely to succeed on the merits."). The Court **DENIES** Plaintiff's motion.[2]

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(a)(1), (e)(2); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

[2] Plaintiff emphasizes that Defendants did not respond to either of his motions. *See* Dkt. No. 13 at 1. That is not sufficient to warrant the extraordinary preliminary relief that Plaintiff seeks. In addition, Plaintiff must properly serve Defendant Transworld under Federal Rule of Civil Procedure 4 before the time limit. *See* Fed. R. Civ. P. (h)(1) (outlining service on a corporation), (m) (outlining time limit). Since the Court grants Plaintiff's motion for leave to proceed *in forma pauperis* in this order, he may now request service by United States Marshal. *Id.* (c)(3). However, as discussed below, Plaintiff is still responsible for providing the Court with the necessary information.

4

2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Court finds that, liberally construed, Plaintiff's complaint establishes at least one facially plausible claim and is sufficient to meet the screening requirement under 28 U.S.C. § 1915(a)(1), (e)(2). For instance, Plaintiff alleges that Defendant Transworld violated 15 U.S.C. §§ 1692e, 1692f, and 1692g of the Fair Debt Collection Practices Act ("FDCPA") by "attempting to collect an unvalidated medical debt, misstating the amount owed, demanding intrusive personal and financial information unrelated to validation, continuing collection activity after written dispute and cease-and-desist notice, and using deceptive and coercive language." Compl. at 6. To state a claim under the FDCPA, a plaintiff must allege "(1) that [he] is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 931 (N.D. Cal. 2013) (quotation omitted). 15 U.S.C. § 1692e prohibits "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt."

Plaintiff alleges that he incurred more than $1,700 in debt for a personal medical procedure at UCSF and that Defendant Transworld is a debt collector. Compl. 2, 4–5. These allegations are sufficient to establish the first three elements of Plaintiff's prima facie case. In addition, Plaintiff alleges that part of his UCSF bill included cardiac services that he did not receive. *Id.* at 5.

5

Partially because of this, he claims that Defendant Transworld is "attempting to collect an unvalidated medical debt [and] misstating the amount owed." *Id.* at 6. This plausibly states a claim for a violation of 15 U.S.C. § 1692e(2) for a "false representation of . . . the character, amount, or legal status of any debt." *Cf. Koller v. W. Bay Acquisitions, LLC*, No. C 12-00117 CRB, 2012 WL 1189481, at *4 (N.D. Cal. Apr. 9, 2012) (finding allegation that "Plaintiff owed $49.98 when Plaintiff in fact did not" was sufficient). Given this, Plaintiff has plausibly stated at least one claim to survive a screening order.[3]

From Plaintiff's application, Dkt. No. 3, it appears that he is unable to pay the full amount of fees, costs, or give security. *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). As a result, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

### III.  CONCLUSION

Plaintiff's renewed motion for a temporary restraining order, Dkt. No. 11, is **DENIED**. Plaintiff's motion for leave to proceed *in forma pauperis*, Dkt. No. 3, is **GRANTED**.

Plaintiff is **DIRECTED** to provide the Court, by January 23, 2026, with the correct address(es) for Defendant Transworld in order for the Marshal to effect service. Although a plaintiff proceeding *in forma pauperis* may rely on service by the Marshal, it is ultimately the plaintiff's responsibility to provide the Marshal with the correct information to effect service. *Gould v. Marino*, No. 19-CV-00015-HSG, 2020 WL 3615327, at *1 (N.D. Cal. July 2, 2020). The Court encourages Plaintiff to review Federal Rule of Civil Procedure 4(h) and California Code of Civil Procedure §§ 416.10–416.90 for additional information about who a summons may be served upon for defendant corporations.

Once Plaintiff provides this information, the Court will order the Clerk to issue summons and the United States Marshal to serve, without prepayment of fees, a copy of the operative

---

[3] For now, this is enough for the Court to permit Plaintiff to proceed without paying filing fees. However, the plausibility of Plaintiff's remaining claims will be tested by the recent motion to dismiss filed by the Regents of the University of California. *See* Dkt. No. 15.

complaint, with all attachments thereto, and a copy of this order upon Defendant Transworld.

The Court further advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated:   1/9/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge