UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN B WILLIAMS,

Plaintiff,

v.

TRANSWORLD SYSTEMS INC., et al.,

Defendants.

Case No. 25-cv-09527-HSG

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Re: Dkt. No. 37

Pending before the Court is Plaintiff's combined motion for reconsideration and motion for certification for interlocutory appeal. Dkt. No. 37 ("Mot."). Plaintiff's second amended complaint alleged that Defendants Transworld Systems, Inc. d/b/a Transworld Collections and the Regents of the University of California d/b/a UCSF Medical Center and UCSF Health engaged in "unlawful medical billing, refusal to validate disputed charges, coercive debt-collection practices, and denial of medically necessary care." Dkt. No. 10 at 1. Plaintiff seeks reconsideration of (and certification for appeal as to) portions of the Court's recent order granting in part and denying in part Defendants' motions to dismiss that complaint. *See* Dkt. No. 35 ("Order"). In that order, the Court dismissed Plaintiff's claims for violations of the No Surprises Act and the Hospital Price Transparency Rule without leave to amend, holding that these statutory provisions and regulations do not create a private right of action. *See id.* at 9–10, 16. The Court also dismissed several of Plaintiff's remaining claims with leave to amend, including a claim brought under California's Unfair Competition Law ("UCL"). *Id.* at 16.

Plaintiff first seeks reconsideration under Federal Rule of Civil Procedure 59(e), which may only be granted in limited circumstances: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that

United States District Court
Northern District of California

was manifestly unjust, or (3) there is an intervening change in controlling law." *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Similarly, the Northern District permits a motion for reconsideration only where the plaintiff shows (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

Plaintiff has failed to make the showing required under Rule 59(e) and the local rules. He notes that "[r]econsideration is appropriate where the Court has committed clear error or where reconsideration is necessary to prevent manifest injustice," and claims that "reconsideration is warranted because the Court's Order implicates controlling legal principles concerning the scope of California's Unfair Competition Law." Mot. at 4. In particular, Plaintiff argues that "the UCL borrows violations of other laws and makes them independently actionable as unfair business practices." But nothing in the Court's order contradicts this point. The Court granted Plaintiff leave to amend his UCL claim, and it did not prohibit Plaintiff from amending the predicate unlawful acts under that claim to include, for example, violations of the No Surprises Act or the Hospital Price Transparency Rule.[1] The Court's order only prohibits Plaintiff from amending his complaint to reassert standalone claims under those provisions, which do not create any private right of action. *See* Order at 16.

Plaintiff also states that "the Court's analysis did not fully consider the evidentiary record demonstrating repeated changes in the alleged debt amount and the continuing nature of Defendants' collection activity." Mot. at 4. He points to "at least nine different balances allegedly owed by Plaintiff arising from the same course of ophthalmologic treatment." *Id.* at 3; *see also* Dkt. No. 37-2 (billing records). Plaintiff doesn't explain what this evidence would have changed

---

[1] Plaintiff already filed his third amended complaint, which did not re-allege a violation of the UCL. *See* Dkt. No. 36. However, the Court will likely grant leave for Plaintiff to amend his complaint in light of this order if he seeks it in a timely fashion.

in the Court's analysis.  For the motions to dismiss, the Court had already accepted as true Plaintiff's allegation that his debt was unverified, and the Court's legal analysis did not turn on this point.  Regardless, this cannot be the basis for a motion for reconsideration, since Plaintiff does not suggest that this evidence is newly discovered, and it was not included in the operative complaint or Plaintiff's oppositions to Defendants' motions.  *See generally* Dkt. No. 10 (second amended complaint); Dkt. Nos. 18, 33 (oppositions).[2]  The Court's order also is not manifestly unjust, as the Court granted leave to amend, and Plaintiff may include whatever facts he believes to be relevant in his amended complaint.  As a result, the Court **DENIES** Plaintiff's motion for reconsideration.

Next, Plaintiff asks the Court to certify an interlocutory appeal regarding "whether statutory violations lacking express private rights of action may nevertheless support UCL liability and whether coercive collection activity relating to disputed medical charges constitutes cognizable injury."  Mot. at 5.  A district court may only certify an order for interlocutory appeal if the moving party demonstrates that: (1) the issue to be certified "involves a controlling question of law"; (2) there is a "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The requirements of § 1292(b) are jurisdictional, meaning if the appeal does not present circumstances satisfying the statutory prerequisites, the reviewing court cannot allow the appeal.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2009).  The decision to certify an issue for interlocutory appeal is discretionary, *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995), and the district court should certify for interlocutory appeal only when "exceptional circumstances" justify a departure from the well-established policy of postponing appellate review until after a final judgment, *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quotation omitted).  The party seeking certification bears the burden of demonstrating that the

---

[2] Some of these billing records were included in Plaintiff's original complaint, Dkt. No. 2, but the Court only considers the operative pleading when assessing a motion to dismiss.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) (noting that "after amendment the original pleading no longer performs any function and is treated thereafter as non-existent" (quotation omitted)).

United States District Court
Northern District of California

requirements are satisfied and that such a departure is warranted. *Id.*

Plaintiff has not demonstrated that this is such an exceptional circumstance or that an immediate appeal over the issues presented here would materially advance the ultimate termination of the litigation. First, as the Court has already explained, the Court's order did not prohibit Plaintiff from amending his complaint to allege that Defendants' violations of the No Surprises Act and Hospital Price Transparency Rule constituted unlawful behavior actionable under the UCL. As a result, certifying this issue is unnecessary. Second, the Court does not understand what portion of the order Plaintiff seeks to appeal when arguing that coercive collection activity can constitute cognizable injury. Plaintiff states that "intangible harms may satisfy Article III standing requirements," citing the Supreme Court's standing jurisprudence. Mot. at 5. But the Court never suggested that Plaintiff lacked Article III standing for these claims or that Defendants' alleged debt collection activities could not constitute cognizable injury.[3] As a result, Plaintiff has not met his burden for certification.

Accordingly, the Court **DENIES** Plaintiff's motion, Dkt. No. 37. Because the Court denies the motion for certification, it also **DENIES** Plaintiff's request for a stay pending appeal.[4]

**IT IS SO ORDERED.**

Dated:  4/21/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

___

[3] It may be that Plaintiff takes issue with the Court's holding that he did not adequately allege the necessary statutory injury under the UCL or California's elder abuse laws. *See* Order at 10–11. However, the Court dismissed those claims with leave to amend, so Plaintiff may still amend his complaint to include the new factual allegations in Plaintiff's motion and make these arguments again in response to any motions to dismiss.

[4] In addition, the Court notes that Plaintiff may misunderstand the nature of a stay pending appeal. Plaintiff states that "[a] stay will . . . preserve the status quo while appellate review proceeds" and "Defendants will not suffer harm from temporary suspension of collection activity pending resolution of controlling legal questions." Dkt. No. 37-3 at 4. But a stay pending appeal would stay *this litigation*, not the collection activity. *See Nken v. Holder*, 556 U.S. 418, 428–29 (2009) ("A stay simply suspends judicial alteration of the status quo, while injunctive relief grants judicial intervention that has been withheld by lower courts." (citation and internal quotation marks omitted)). Plaintiff presumably seeks an injunction or a temporary restraining order, which the Court has previously denied.

4