UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN B WILLIAMS,

Plaintiff,

v.

TRANSWORLD SYSTEMS INC., et al.,

Defendants.

Case No.  25-cv-09527-HSG

**ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION TO DISMISS**

Re: Dkt. No. 53

Pending before the Court is Defendant The Regents of the University of California's second motion to dismiss Plaintiff's complaint.  Dkt. No. 53 ("Mot."); Dkt. No. 54 ("Opp."); Dkt. No. 57 ("Reply").  The Court finds this appropriate for disposition without oral argument and the motion is deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

I.    **BACKGROUND**

On May 4, 2026, Plaintiff filed his operative fourth amended complaint against Defendants Transworld Systems Inc. d/b/a Transworld Collections ("Transworld") and the Regents of the University of California d/b/a UCSF Medical Center and UCSF Health ("Regents") for "unlawful medical billing practices, coercive debt collection conduct, and denial of necessary medical care arising from disputed ophthalmological procedures performed at UCSF Medical Center."  Dkt. No. 45 ("FAC") ¶ 1.

Plaintiff alleges that he visited UCSF for two ophthalmology visits in April 2025 and May 2025.  *Id.* ¶ 18.  Although Plaintiff "reasonably believed the services were covered by insurance," he "later received bills exceeding $26,000."  *Id.* ¶¶ 19–20.  Plaintiff allegedly "disputed the charges and requested validation," which "UCSF failed to provide."  *Id.* ¶¶ 22–23.  UCSF then

allegedly "issued escalating notices threatening assignment to Transworld," and Transworld later "attempted to collect disputed amounts." *Id.* ¶¶ 31–32. Plaintiff alleges that Defendants "materially misrepresented the amount of debt," repeatedly changing the debt amount and guarantor balance in a way that "materially impaired Plaintiff's ability to intelligently respond to collection efforts." *Id.* ¶¶ 5, 24–30. Plaintiff further alleges that "UCSF materially participated in, caused, directed, ratified, and/or authorized collection activity undertaken by" Transworld, such that Transworld "acted as an agent, affiliate, contractor, or participant in collection of UCSF-generated balances." *Id.* ¶¶ 36–37.

Plaintiff claims that he "has suffered concrete and particularized injury, including time and resources expended disputing unstable debt amounts, delayed medical care, emotional distress, worsening medical conditions, threatened derogatory credit reporting, and loss of money or property." *Id.* ¶ 10. Plaintiff brings claims against both Defendants for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and violation of California's Unfair Competition Law ("UCL"). *Id.* ¶¶ 51–57. Plaintiff additionally brings a claim against Defendant Transworld for violation of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* ¶¶ 47–50. Finally, Plaintiff brings a claim against Defendant Regents for medical malpractice relating to the services provided during his visits. *Id.* ¶¶ 58–60.[1]

The Court previously granted in part and denied in part Defendants' first motions to dismiss. *See* Dkt. No. 35. Plaintiff filed a third amended complaint and a motion for reconsideration. Dkt. Nos. 36, 37. The Court denied the motion but clarified the issues and granted Plaintiff leave to amend, informing Plaintiff that this was "likely the final time that the Court [would] grant leave to amend." Dkt. Nos. 39, 41. Plaintiff filed his fourth amended complaint, and Defendant Regents moved to dismiss Plaintiff's Rosenthal Act and UCL claims.

---

[1] Plaintiff's complaint does not explicitly state that his medical malpractice claim applies only to Defendant Regents. *See* FAC ¶¶ 58–60. However, his second and third amended complaints did, *see* Dkt. No. 10 at 8; Dkt. No. 36 at 5, and the Court had not given Plaintiff leave to amend his medical malpractice claim, *see* Dkt. No. 35 at 16. Given that Plaintiff only alleges that "UCSF negligently administered the injection below the applicable professional standard of care," and never makes any claim that Defendant Transworld was involved in his medical treatment, the Court construes Plaintiff's medical malpractice claim as applying only to Defendant Regents. FAC ¶ 39.

United States District Court
Northern District of California

*See generally* Mot.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Nevertheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

3

F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.    MOTION TO DISMISS[2]

### A.    Violation of the Rosenthal Act (Claim Two)

Plaintiff alleges that Defendant Regents violated the Rosenthal Act because it "materially participated in, caused, directed, ratified, and/or authorized" unlawful collection conduct by sending "escalating notices threatening assignment to" collection agency Transworld, seeking "intrusive personal information," and continuing "collection after Plaintiff disputed the debt." FAC ¶¶ 31, 33–34, 36, 51–53.  Defendant argues that Plaintiff has not established that it is a debt collector for purposes of the Rosenthal Act.  *See* Mot. at 11–12.

The purpose of the Rosenthal Act is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and small business debts and to require debtors to act fairly in entering into and honoring those debts."  Cal. Civ. Code § 1788.1(b).  To state a claim, Plaintiff must allege that "(1) the plaintiff is a 'debtor,' (2) the debt at issue is a 'consumer debt,' (3) the defendant is a 'debt collector,' and (4) . . . the defendant violated one of the liability provisions of the [Rosenthal Act]."  *Long v. Nationwide Legal File & Serve, Inc.*, No. 12-CV-03578-LHK, 2013 WL 5219053, at *17 (N.D. Cal. Sep. 17, 2013).

A "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection."  Cal. Civ. Code § 1788.2(c).  California state courts have further explained that a debt collector is a "person who regularly engages in the act or practice of collecting money, property or their equivalent that is due

---

[2] Plaintiff's opposition does not directly address Defendant's arguments for the motion to dismiss or the motion to strike, instead focusing on which party has engaged in more expansive and escalatory litigation tactics.  *See* Opp.  Plaintiff also claims that Defendant "improperly seek[s] to evade discovery and prematurely foreclose factual development," depriving Plaintiff of "factual matters uniquely within Defendants' possession."  *Id.* at 9.  Neither of these arguments addresses any of the legal issues presented in Defendant's motions, and there is nothing inherently improper about moving to dismiss and making discovery requests while also engaging in mediation efforts.  Additionally, Plaintiff points to "Defendants' own Joint Case Management Statement" as an apparent admission of liability, in that Defendants "characterize[] the dispute as involving: 'Defendants' alleged unlawful billing practices, coercive debt collection conduct, and denial of necessary medical care.'"  *Id.* at 8.  The Court agrees with Defendant's representation that this case management statement is not an "admission of guilt," but rather a "direct quote taken from the [P]laintiff's fourth amended complaint" used simply as a summary of the ongoing litigation.  Reply at 10.

or owing by a natural person as a result of a transaction between that person and another person, in which the natural person acquired property, services, or money on credit, primarily for personal, family, or household purposes." *Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 295–96 (2018). "The definition of 'debt collector' under the Rosenthal Act is thus broader and more inclusive than under the FDCPA because it allows for those collecting debts on their own behalf to be considered 'debt collectors.'" *Masuda v. Citibank, N.A.*, 38 F. Supp. 3d 1130, 1134 (N.D. Cal. 2014).

As in its prior order, Dkt. No. 35 at 4–5, the Court finds that Plaintiff has not adequately alleged facts from which the Court can conclude that Defendant is a debt collector. Plaintiff alleges that Defendant billed him more than $26,000 and that Defendant "materially participated in or directed collection conduct" with respect to Plaintiff's debt. FAC ¶¶ 20, 53. But Plaintiff has not alleged any facts that plausibly suggest that, as part of its broader business practice, Defendant "regularly engages in the act or practice of collecting money." *Davidson*, 21 Cal. App. 5th at 295; *see also Olson v. La Jolla Neurological Assocs.*, 85 Cal. App. 5th 723, 735 (2022) (explaining that, to qualify as a debt collector under the Rosenthal Act, "the defendant must regularly and in the ordinary course of business engage in debt collection" (quotation omitted) (cleaned up)). Nor does Plaintiff allege sufficient non-conclusory facts regarding Defendant's efforts to collect the debt on its own behalf. *See* FAC ¶¶ 7, 31 (stating at most that "UCSF issued escalating notices threatening assignment to Transworld"); *cf. Stone v. Friedman*, No. CV 22-2486-JFW (ASX), 2022 WL 3012213, at *3 (C.D. Cal. May 27, 2022) (noting that plaintiff "fail[ed] to allege that the [defendants] took any actions whatsoever to collect their unpaid legal fees directly from [plaintiff]" or that they "regularly engage[d] in debt collection activities").

Plaintiff appears to alternatively allege that Defendant should be subject to liability under the Rosenthal Act because Defendant Transworld's activities as a debt collector are "under the exclusive direction of Defendant Regents under its control and authority." FAC ¶ 16. An entity can qualify as a debt collector for purposes of the Rosenthal Act "if it indirectly collects debts through a separate entity where the two entities together form an interdependent 'single economic enterprise.'" *Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1086 (2019) (quoting *Gold v. Midland Credit Mgmt.*, 82 F. Supp. 3d 1064, 1072 (N.D. Cal. 2015)). As evidence of a single

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

economic enterprise, the *Cavalry* court cited the fact that the defendant and the debt collection agency employed the same chief compliance officer and "operated under common ownership and pursuant to a servicing and managing agreement." *Id.*

Plaintiff offers no comparable factual allegations. Plaintiff asserts that Defendant Regents exclusively controls Transworld, exercises "actual or apparent authority" over Transworld's collection activities, and "materially participate[s] in, cause[s], direct[s], ratifie[s], and/or authorize[s] collection activity undertaken by" Transworld. FAC ¶¶ 16, 35–36. At the motion to dismiss stage, conclusory statements like these are insufficient to establish the kind of "single economic enterprise" that would subject Defendant to liability under the Rosenthal Act.[3]

Because the Court agrees that Plaintiff has not adequately stated facts supporting a claim under the Rosenthal Act, the Court **DISMISSES** this claim as to Defendant Regents without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (noting that district court's discretion to deny leave to amend is "particularly broad" where leave to amend has been previously granted); *see also* Dkt. No. 41 (order granting leave for Plaintiff to submit his fourth amended complaint and informing Plaintiff that "this is likely the final time that the Court will grant leave to amend, and he should make sure to plead his very best case").

### B.   Violation of the UCL (Claim Three)

Plaintiff claims that Defendant is liable under the "unlawful" prong of the UCL for predicate violations of the FDCPA, Rosenthal Act, No Surprises Act, and Hospital Price Transparency Rule. *See* FAC ¶ 56. The UCL prohibits business acts and practices that are (1) fraudulent, (2) unfair, or (3) unlawful. *See* Cal. Bus. & Prof. Code § 17200. The "unlawful" prong incorporates other laws and treats violations of those laws as independently actionable under state law. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)

---

[3] Plaintiff's Rosenthal Act claim against Defendant Regents would similarly fail on a theory that Defendant should be liable as Transworld's principal, as courts have held that the principal entity must itself be a debt collector to trigger liability under the Rosenthal Act. *See, e.g.*, *Gold*, 82 F. Supp. 3d at 1072 (noting that most courts have held that "a principal must be a debt collector in order to be held vicariously liable for the debt collection activities of another"); *Olson*, 85 Cal. App. 5th at 735 ("[T]he most natural reading of the statutory language is that a 'debt collector' must personally participate in consumer debt collection— either on behalf of himself or herself or others.").

(citing *Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  "[T]o state a claim under the unlawful prong of the UCL, a plaintiff must sufficiently plead a predicate violation." *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014). "Virtually any law—federal, state or local—can serve as a predicate for an action under [the UCL]." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001).

Defendant argues that Plaintiff cannot predicate his UCL claim on violations of the No Surprises Act and the Hospital Price Transparency Rule, as "those provisions do not provide a private right of action." Mot. at 14.  Defendant primarily relies on language from the California Supreme Court, which provides that a plaintiff cannot "plead around" an "absolute bar to relief . . . by recasting the cause of action as one for unfair competition." *See id.* (quoting *Manufacturers Life Ins. Co. v. Superior Ct.*, 10 Cal. 4th 257, 283 (1995)).  But the California Supreme Court has more recently clarified that this same language "does not, however, prohibit an action under the unfair competition law merely because some other statute on the subject does not, itself, provide for the action or prohibit the challenged conduct." *Cel-Tech Commc'ns*, 20 Cal. 4th at 182–83. While it continues to be true that "a plaintiff may not bring an action under the unfair competition law if some other provision bars it," the provision "must actually bar it . . . and not merely fail to allow it." *Id.* at 184.  Defendant does not identify any provision of any law that would affirmatively bar an action predicated on violations of the No Surprises Act or Hospital Price Transparency Rule.  Given this, the Court **DENIES** the motion to dismiss Plaintiff's UCL claim.[4]

## IV.    MOTION TO STRIKE

Plaintiff seeks "declaratory relief," stating that an "[a]ctual controversy exists regarding future billing, reporting, assignment, denial of care, and collection." FAC ¶ 61.  Plaintiff also seeks to "enjoin future collection, reporting, or assignment" activity, stating that he "lacks [an] adequate remedy at law" and "faces irreparable harm." *Id.* ¶¶ 62–64.  Defendant moves "to strike

---

[4] Defendant also argues that Plaintiff fails to adequately plead a predicate violation of the Rosenthal Act. *See* Mot. at 14–15.  Since the Court has already determined that Plaintiff failed to plead a claim under the Rosenthal Act, this cannot be a basis for Plaintiff's UCL claim.

United States District Court
Northern District of California

all of [P]laintiff's requests for declaratory and injunctive relief under Rule 12(f)." Mot. at 17.[5] Defendant also states that "[P]laintiff is not entitled to statutory damages under the Rosenthal Act" and "moves to strike [P]laintiff's request for statutory damages." *Id.*

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010). In *Whittlestone*, a defendant had attempted to strike a plaintiff's claims for lost profits and consequential damages, arguing that they were precluded as a matter of law. *Id.* at 974. The Ninth Circuit concluded that Rule 12(f) could not apply because these claims for damages were not (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id.* at 973–74. It explained that "the claim for damages is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief," and "the claim for damages is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged." *Id.* at 974. Courts in this circuit have extended this reasoning, for example, to Rule 12(f) motions to strike injunctive relief and statutory damages. *See, e.g.*, *Grayson v. Cnty. of Marin*, No. 14-CV-05225-JST, 2015 WL 720830, at *2 (N.D. Cal. Feb. 18, 2015) (injunctive relief); *Judge v. Academia, Inc.*, No. 25-CV-05857-AMO, 2026 WL 1256876, at *10 (N.D. Cal. May 7, 2026) (statutory damages).

Defendant argues that "declaratory and injunctive relief are unavailable for Rosenthal Act claims" and "Plaintiff has not asserted any additional claims against The Regents that warrant declaratory or injunctive relief." Mot. at 16–17. This appears to be an argument that these claims for damages are precluded as a matter of law, to which *Whittlestone* seems to apply. Yet Defendant does not address *Whittlestone*. Nor does Defendant explain why Plaintiff's claims for declaratory relief or injunctive relief are "redundant, immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f), such that *Whittlestone* would not apply. Defendant cites general legal rules about

---

[5] Plaintiff lists separate causes of action for declaratory and injunctive relief, in addition to listing them in his prayer for relief. FAC ¶¶ 61–64, "Prayer for Relief" ¶¶ 7–8.

United States District Court
Northern District of California

when injunctive relief and declaratory relief are improper, including cases where declaratory relief was arguably redundant, but Defendant does not actually argue that Plaintiff's proposed relief is defective in these ways. *See* Mot. at 15–16.

"[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6)." *See, e.g.*, *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 948 (N.D. Cal. 2014); *Ledesma v. CSX Intermodal Terminals, Inc.*, No. 16-CV-05237-EDL, 2017 WL 2617938, at *4 (N.D. Cal. June 16, 2017) (same); *see also Whittlestone*, 618 F.3d at 974 (noting that challenges to lost profits and consequential damages were "actions better suited for a Rule 12(b)(6) motion"). But even under that standard, Defendant's arguments fail. The Court did not dismiss Plaintiff's UCL claim, which can serve as the basis for injunctive relief. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009). Similarly, Defendant has not adequately explained why Plaintiff could not seek declaratory relief relating to his UCL claim. Accordingly, the Court **DENIES** Defendant's motion to strike or dismiss Plaintiff's requests for declaratory and injunctive relief.[6]

Finally, Defendant argues that "[P]laintiff is not entitled to statutory damages under the Rosenthal Act." Mot. at 17. Since the Court has already dismissed this claim, the Court **DENIES** this request as moot.

## V.   CONCLUSION

Defendant Regents' motion, Dkt. No. 53, is **GRANTED IN PART** and **DENIED IN PART**. Claim Two is **DISMISSED WITHOUT LEAVE TO AMEND** as to Defendant Regents.

---

[6] The Court recognizes that it previously struck with leave to amend Plaintiff's requests for declaratory and injunctive relief and punitive damages under Rule 12(f). Dkt. No. 35 at 15–16. The better course would have been to construe Defendant's prior request as a Rule 12(b)(6) motion, as the Court does here. Neither party had mentioned *Whittlestone*, which partially explains the Court's prior order. Ultimately, the result there would not have changed: the Court would have dismissed Plaintiff's claims for punitive damages and injunctive and declaratory relief, rather than striking them. Unlike here, the Court had dismissed all of Plaintiff's underlying claims relating to the declaratory and injunctive relief. *Id.* at 15. In addition, the Court would have dismissed Plaintiff's claim for punitive damages under California Government Code § 818 as legally improper. *Cf. Walker v. McCoud Cmty. Servs. Dist.*, No. 2:16-61 WBS CMK, 2016 WL 951635, at *2 (E.D. Cal. Mar. 14, 2016) (converting a 12(f) motion into a 12(b)(6) motion and dismissing a claim for punitive damages against a public entity).

The remainder of the motion is **DENIED**.

The Court further advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order.  The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants.  More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself.  Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated:   7/9/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

10